# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————
|  | ) |
| AMERICAN CIVIL LIBERTIES UNION | ) |
| and AMERICAN CIVIL LIBERTIES | ) |
| UNION FOUNDATION, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| UNITED STATES DEPARTMENT OF | ) |
| DEFENSE, | ) |
|  | ) |
| Defendant. | ) |
———————————————————————

Civil Action No. 1:07-CV-1557 (ESH)
Judge Ellen S. Huvelle

## DEFENDANT'S ANSWER

Defendant, the United States Department of Defense, by and through its undersigned counsel, hereby answers Plaintiffs' Complaint in the captioned matter as follows:

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs have failed to exhaust applicable administrative remedies.

### Third Affirmative Defense

The Court lacks subject matter jurisdiction over Plaintiffs' Complaint because Defendant has not improperly withheld information within the meaning of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

### Fourth Affirmative Defense

The FOIA request that is the subject of this lawsuit may implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such

information is not required.

<u>Fifth Affirmative Defense</u>

Defendant denies each and every allegation contained in Plaintiffs' Complaint except as hereinafter may be expressly admitted.

In response to the numbered paragraphs and sentences of the Complaint, Defendant admits, denies, or otherwise responds as follows:

1.      This paragraph sets forth Plaintiffs' characterization of this action, to which no response is required.  To the extent a response is deemed required, Defendant admits the allegations.

2.      The Defendant admits the allegations contained in the first two sentences of this paragraph.  Defendant admits the allegations contained in the third sentence of this paragraph, insofar as Plaintiffs' FOIA request postdated published reports regarding civilian deaths in Haditha, Iraq.

3.      Admitted.

4.      Admitted, except that Defendant denies that any agency other than the Department of Defense received Plaintiffs' FOIA request.  Defendant admits that no agency component other than the Department of the Army has produced records in response to Plaintiffs' request.

5.      The allegations contained in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

6.      The allegations contained in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are

admitted.

7.     The allegations contained in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

8.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

9.     Admitted.

10.     The allegations contained in this paragraph consist of Plaintiffs' characterization of matters described in published news reports, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to those reports for a full and accurate description of their contents.

11.     Defendant lacks knowledge or information sufficient to admit or deny this paragraph, except that Defendant admits that it received a FOIA request dated June 22, 2006, from Plaintiffs.

12.     The allegations contained in this paragraph consist of Plaintiffs' characterization of matters described in published news reports, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to those reports for a full and accurate description of their contents.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     The allegations contained in this paragraph constitute Plaintiffs' characterization of the legal requirements of FOIA, to which no response is required.  To the extent a response is

deemed required, Defendant respectfully refers the Court to that statute for a full and accurate description of its contents.

17.    The allegations contained in the first two sentences of this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph.

18.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in the first and third sentences of this paragraph.  Defendant admits the allegations contained in the second sentence of this paragraph, except that Defendant currently lacks knowledge or information sufficient to admit or deny the exact number of pages of documents produced by the Department of the Army that satisfy Plaintiff's characterization.  The allegations contained in the fourth and fifth sentences of this paragraph consist of Plaintiffs' characterization of matters described in published reports, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to those reports for a full and accurate description of their contents.  Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in the final sentence of this paragraph.

19.    The allegations contained in this paragraph constitute Plaintiffs' argument and opinion as to why their FOIA request is entitled to expedited processing and insofar as a response may be required, Defendant denies these allegations.

20.    The allegations contained in the first sentence of this paragraph consist of Plaintiffs' characterization of the legal requirements of Defendant's regulations implementing FOIA, to which no response is required.  To the extent a response is deemed required, Defendant

- 4 -

respectfully refers the Court to the regulations for a full and accurate description of their contents. The allegations contained in the second sentence of this paragraph constitute Plaintiffs' argument and opinion as to why their FOIA request is entitled to expedited processing and insofar as a response may be required, Defendant denies these allegations.

21.    Admitted.

22.    The allegations contained in this paragraph consist of Plaintiffs' argument and opinion as to why their FOIA request is entitled to expedited processing and insofar as a response may be required, Defendant denies these allegations.

23.    The allegations contained in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied.

24.    The allegations contained in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied. Defendant admits the allegations contained in the second sentence of this paragraph.

25.    Admitted.

26.    Admitted.

27.    Admitted.

28.    Defendant admits that the Department of the Army denied Plaintiffs' request for expedited processing, but at this time lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph regarding the date of the denial.

29.    Admitted.

30.    Defendant admits the allegations contained in the first sentence of this paragraph.

With respect to the second sentence of this paragraph, Defendant admits that the Department of the Army has not responded to Plaintiffs' administrative appeals. The remaining allegations in the second sentence of this paragraph consist of Plaintiffs' characterization of the legal requirements of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to that statute for a full and accurate description of its contents. The allegations contained in the final sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied.

31.     The allegations contained in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied.

32      The allegations contained in this paragraph constitute legal conclusions, to which no  response is required. To the extent a response is deemed required, the allegations are denied.

33.     The allegations contained in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied.

The remainder of Plaintiffs' Complaint contains a prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies Plaintiffs are entitled to the requested relief or to any relief whatsoever.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant prays for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deem just.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

- 6 -

JEFFREY A. TAYLOR
United States Attorney

JOSEPH H. HUNT
Director, Federal Programs Branch

JOHN R. TYLER
Senior Trial Counsel, Federal Programs
Branch

  /s/ Scott A. Risner
SCOTT A. RISNER (MI Bar No. P70762)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Tel: (202) 514-2395
Fax: (202) 616-8470
Email: scott.risner@usdoj.gov

*Counsel for Defendant*

Dated:  October 5, 2007.